## Ross *vs.* Allen, Principal, & Adams & a., Trustees.

When a schoolmaster has been employed by the prudential committee of a
school district, the district, and not the selectmen, are liable to the master
for his wages; and in suit against the master, the selectmen cannot be hold-
en as trustees.

Assumpsit against Allen as principal, and Adams & a., se-
lectmen of Fitzwilliam, as trustees.

It appeared, from the disclosure of the trustees, that the
minor son of the defendant Allen kept the winter school in
district number two, in said Fitzwilliam.

The school money accruing to said district was $49·86,
which was in the hands of the trustees at the time of the
service of the plaintiff's writ, and is still holden by them.

The minor's wages amount to that sum.

The prudential committee for said district number two was
Hosea Platts, who hired the master to keep the school. Said
Platts applied to the selectmen for an order to pay the master,
but they informed him that they had been served with a
trustee process, and declined giving an order for the school
money. On these facts the case was submitted to the court
as to the liability of the trustees.

*A. A. Parker,* for the plaintiff, contended that the trustees
are the legal debtors to the school-master for his wages, and
not the district agent.

The *agent* does not contract for himself personally, or
agree to pay his own money. He stands precisely in the
same situation as the agent of a factory, or any other corpo-
ration. Neither is the *school district* liable. The agent
does not contract to pay the money of the district, for the
plain reason that it has no money to pay.

It does not follow that the prudential committee, because
chosen by the district, is therefore its agent. In the case,
*Morrill* vs. *Haines,* 2 *N. H. Rep.* 246, it was decided that a
representative chosen by a town, is not a *town* but a *state*

Ross *v.* Allen.

officer; and, by parity of reasoning, it is contended that the agent chosen by a district may not be the agent of the district, but the agent of the selectmen.

The question then arises, Who is the proper debtor of the district school-master? We say, the selectmen of the town. The school money is theirs, and they are bound to expend it; and if the school-master is compelled to sue for his wages, the action must be against them.

UPHAM, J. The question raised in substance in this case is, whether the selectmen of a town are liable in a suit brought by a master for his services in instructing a district school. Unless they are thus liable, they cannot be holden as trustees in the present suit.

It has been already settled, in *Tolman* vs. *Marlborough*, 3 *N. H. Rep.* 58, " that the money collected under the statutes relative to primary schools does not become the property of the town, but must be considered the property of the selectmen, who are answerable for the due expenditure of it." But to whom they are answerable has remained unsettled.

The selectmen of each town are required by statute " to assess annually a certain sum, regulated in proportion to their state tax, on the polls and rateable estate of the citizens, to be appropriated in sustaining common schools; and the proper proportion of this money they are to assign to each school district within such town." This is the whole extent of their duty. The district makes its own contracts for the expenditure of this money. It is required to choose annually a prudential committee, who are to select and contract with teachers for such district.

If the district neglects to choose such committee, the selectmen, on application of three or more freeholders, may interfere, not for the purpose of selecting a master to teach the school, but to select a prudential committee for the district. They have no right, on any contingency, to employ a master, and have no special means of knowledge as to the fulfilment

of his contracts. In such case, can they be the debtors of an individual with whom they have made no contract, and over whom they have no control? We think not.

The argument for the plaintiff admits that the employment of the master is by the prudential committee of the district, but that this committee, though chosen by the district, are the agents of the selectmen, and contract, as such agents, for the disbursement of money in the selectmen's hands. But do they contract as agents of the selectmen? The whole scope of their duty is within their district and for their district, and the money expended is raised mainly within such district. The fact that this money comes to them through the selectmen, or in part perhaps from the state treasury, does not make them agents of such selectmen or treasurer. A representative chosen by a town is a state and not a town officer, for the reason that he acts for the state and not for the town; but a prudential committee of a district acts solely for the district.

The selectmen stand in the light of treasurers for such district; they are no contracting parties with the master, and are not liable to his suit. His remedy is either against the district, or the prudential committee who employed him. In a suit, therefore, against the master, the selectmen cannot be summoned as holding his goods, rights or credits. They are not amenable to him.

*The trustees must, therefore, be discharged.*